WAUKEEN Q. McCOY, ESQ. (SBN: 168228)
LAW OFFICES OF WAUKEEN Q. McCOY
703 Market Street, Suite 1407
San Francisco, California 94103
Telephone (415) 675-7705
Facsimile (415) 675-2530

Attorney for Plaintiff
FREDDIE LAMBRIGHT, JR.

E-filing

**FILED**
AUG 22 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

FREDDIE LAMBRIGHT, JR., an individual;

Plaintiff,

vs.

FEDERAL HOME LOAN BANK OF SAN FRANCISCO, a federally chartered corporation, ANITA ADAMS, an individual, EMMANUEL UNGSON, an individual, and DOES 1-50

Defendants.

Case No. C 07 4340 CW

UNLIMITED JURISDICTION

**COMPLAINT FOR:**

1. RACIAL DISCRIMINATION 42 *U.S.C.* § 1981
2. RACIAL DISCRIMINATION 42 *U.S.C.* § 2000
3. RACIAL DISCRIMINATION Cal. *Gov't. Code* § 12940
4. HARASSMENT Cal. *Govt. Code* § 12940
5. RETALIATION Cal. *Govt. Code* § 12940
6. WRONGFUL TERMINATION Cal. *Govt. Code* § 12940
7. FAILURE TO MAINTAIN ENVIRONMENT FREE OF HARASSMENT Cal. *Govt. Code* § 12940
8. FAILURE TO INVESTIGATE Cal. *Govt. Code* § 12940
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
10. HOSTILE WORK ENVIRONMENT Cal. *Govt. Code* § 12940

**JURY TRIAL DEMANDED**

COMPLAINT

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981. The action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, as amended, and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims under the California Fair Employment and Housing Act, Cal. Gov't. Code §§ 12940, *et seq.*

2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. § 1391 (b) & (c). All Plaintiff's claims arose in the Northern District of California, and the acts complained of herein occurred in this District and gave rise to the claims alleged. Defendant FHLB of San Francisco, operates its business in the Northern District of California and is part of a network of twelve regional wholesale banks compromising the Federal Home Loan Bank System.

Plaintiff alleges as follows:

## INTRODUCTION

3. This is an action for damages for Racial Discrimination, Harassment, Retaliation, Wrongful Termination, Hostile Work Environment, Failure to Maintain Environment Free of Harassment, Failure to Investigate and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiff FREDDIE LAMBRIGHTT, JR. (hereafter "Plaintiff" or "LAMBRIGHT") and Defendant FEDERAL HOME LOAN BANK OF SAN FRANCISCO (hereafter "Defendant" or "FHLB"). LAMBRIGHT was employed and terminated by FHLB in San Francisco.

## THE PARTIES

4. Plaintiff FREDDIE LAMBRIGHT ("Plaintiff" or "LAMBRIGHT") is an African American male individual employed by defendant FEDERAL HOME LOAN BANK OF SAN FRANCISCO (hereafter "Defendant" or "FHLB") as a Senior Community Investment Consultant.

5. Plaintiff is informed and believes and thereon alleges that defendant FHLB is a federally chartered corporation doing business in California as a private wholesale lending institution.

6. Plaintiff is informed and believes and thereon alleges that defendant ANITA ADAMS ("ADAMS") is an individual employed by defendant FHLB as Vice-president and Director of Affordable Housing.

7. Plaintiff is informed and believes and thereon alleges that defendant EMMANUEL UNGSON ("UNGSON") is an individual employed by defendant FHLB as Assistant Vice President of Community Investment.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and LAMBRIGHT therefore sues such defendants by such fictitious names. LAMBRIGHT will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that LAMBRIGHTS' injuries as alleged herein were proximately caused by such aforementioned defendants.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each

COMPLAINT

3

1  defendant is responsible for the occurrences, acts and omissions of each other defendant
2  complained of herein.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 6 above.

11. Plaintiff worked at defendant FHLB's San Francisco office beginning on September 1, 1995 through May 7, 2007.

12. Plaintiff is informed and believes and thereon alleges that ANITA ADAMS and all named Defendants engaged in a pattern of harassment throughout Plaintiff's twelve years of employment at FHLB.

13. Plaintiff is informed and believes and thereon alleges that in 1996 ADAMS told Plaintiff that she, ADAMS, did not want fellow employee Sherese Morgan, an African-American, and Plaintiff to talk with one another all day. Sherese Morgan was newly hired and sat near Plaintiff. To Plaintiff's knowledge ADAMS never requested other non-African Americans sitting near one another to limit their conversations.

14. Plaintiff is informed and believes and thereon alleges that in 1996 ADAMS required Plaintiff and Sherese Morgan to attend writing classes because they did not write to ADAMS satisfaction. Plaintiff is a college graduate and ADAMS has never made such a request to other employees.

15. Plaintiff is informed and believes and thereon alleges that due to the hostile environment and harassment from ADAMS, Plaintiff complained to FHLB Human Resource Vice President Rosalyn Nicolieoff (deceased).

16. Plaintiff is informed and believes and thereon alleges that Rosalyn Nicolieoff obtained budget approval for ADAMS and Plaintiff to receive one-on-one counseling with Dr. Greg Ketchum to help stop ADAM'S abuse of Plaintiff.

COMPLAINT

17. Plaintiff is informed and believes and thereon alleges that shortly after the mutual counseling with Dr. Greg Ketchum ended, ADAMS reverted back to verbally abusing and harassing Plaintiff.

18. Plaintiff is informed and believes and thereon alleges that after the counseling ended, during a staff meeting ADAMS attempted to degrade and humiliate Plaintiff in such an abusive and harassing manner that Susan Broadnax confronted ADAMS and told her that she, ADAMS, not only owed Plaintiff an apology but also the entire staff for her inappropriate behavior.

19. Plaintiff is informed and believes and thereon alleges that when confronted of her abuse of Plaintiff by Susan Broadnax, ANITA ADAMS stated that "she could not help herself."

20. Plaintiff is informed and believes and thereon alleges that Plaintiff thereafter suggested to ANITA ADAMS that they resume counseling but that ANITA ADAMS felt any issue could be resolved by the Director of Human Resources.

21. Plaintiff is informed and believes and thereon alleges that thereafter Plaintiff met with Rosalyn Nicolieoff regarding ANITA ADAMS ongoing abuse and harassment and that Rosalyn Nicolieoff immediately agreed to help Plaintiff and commented that "oh my, she [ANITA ADAMS] is at it again."

22. Plaintiff is informed and believes and thereon alleges that Rosalyn Nicolieoff met individually with ADAMS and Plaintiff to no avail, and that Plaintiff resorted to avoiding, or keeping to a minimum, any contact or conversation with ADAMS.

23. Plaintiff is informed and believes and thereon alleges that an additional layer of management was placed between ADAMS and Plaintiff to buffer ADAMS harassment of Plaintiff.

24. Plaintiff is informed and believes and thereon alleges that Assistant Vice President of Community Investment UNGSON, Plaintiff's direct supervisor, facilitated ADAMS' abuse and harassment of Plaintiff.

25. Plaintiff is informed and believes and thereon alleges that on or around October, 2006, UNGSON stated that he had been advised that Plaintiff was never at his desk and was not performing his duties. Plaintiff asked for the opportunity to confront his accusers and UNGSON replied, "what if it is Ms. Adams or Steve Trainer?" Plaintiff was never given the opportunity to contest the complaints made against him.

26. Plaintiff is informed and believes and thereon alleges that Plaintiff was thereafter highly scrutinized and made to feel so uncomfortable that on or around October, 2006, Plaintiff resorted to contacting defendant FHLB's Employee Assistance Program (EAP) for suggestions on how to improve his situation.

27. Plaintiff is informed and believes and thereon alleges that EAP advised him to contact Human Resources and that Jenny Osgood in Human Resources told Plaintiff to not be concerned with what others had said and to discuss directly with UNGSON what his expectations of Plaintiff are.

28. Plaintiff is informed and believes and thereon alleges that Plaintiff told UNGSON that he performed his work as demonstrated and verifiable by Plaintiff's caseload activity.

29. Plaintiff is informed and believes and thereon alleges that on or around January, 2007, UNGSON, was again told by a non-disclosed source that Plaintiff was not performing his duties. Plaintiff was again not given the opportunity to contest the complaints made against him.

30. Plaintiff is informed and believes and thereon alleges that on or around January, 2007, Plaintiff again contacted an EAP counselor, who offered Plaintiff the opportunity to speak with a psychiatrist and further advised Plaintiff to discuss the matter with Human Resources

31. Plaintiff is informed and believes and thereon alleges that Jenny Osgood in Human Resources joked about Plaintiff's issues in the office and that therefore Plaintiff went directly to Greg Fontenot, Senior Vice President of Human Resources.

32. Plaintiff is informed and believes and thereon alleges that Greg Fontenot admitted that he was aware of past problems with ADAMS. Greg Fontenot further advised Plaintiff to not

be concerned with the complaints being made against him to UNGSON, and that he, Plaintiff, should speak directly to UNGSON to determine what UNGSON'S expectations were.

33. Plaintiff is informed and believes and thereon alleges that Plaintiff suffered mental stress as a result of management's failure to prevent ADAM'S abuse and harassment.

34. Plaintiff is informed and believes and thereon alleges that he spoke with UNGSON and in or around the beginning of February, 2007, Plaintiff's performance review reflected that Plaintiff exceeded or greatly exceeded expectation in his areas of responsibilities.

35. Plaintiff is informed and believes and thereon alleges that on or about April 5, 2007, Plaintiff requested and was approved to work from home on May 3rd, 4th and 7th by Plaintiff's direct manager, defendant UNGSON.

36. Plaintiff is informed and believes and thereon alleges that on or about April 13, Plaintiff requested from UNGSON that Plaintiff's scheduled work from home days on May 3rd, 4th and 7th, 2007, be re-scheduled as vacation days.

37. Plaintiff is informed and believes and thereon alleges that on or about April 13, 2007, UNGSON assured Plaintiff that Plaintiff's caseload for reviewing FHLB grants, due sometime around Plaintiff's requested vacation time, would be light because FHLB had additional staff to help with its 2007 bi-annual feasibility review rounds.

38. Plaintiff is informed and believes and thereon alleges that on or around April 23, 2007, after learning that Plaintiff was assigned a high caseload to review over Plaintiff's vacation, Plaintiff mentioned to co-worker Peter Young that Plaintiff would request UNGSON to either not count Plaintiff's vacation days against Plaintiff or reduce Plaintiff's high caseload.

39. Plaintiff is informed and believes and thereon alleges that on May 1, 2007, Plaintiff spoke with UNGSON and did not request a reduction in his caseload.

40. Plaintiff is informed and believes and thereon alleges that on May 1, 2007, Plaintiff spoke with UNGSON and requested that Plaintiff's vacation days not count against him because Plaintiff would have to work full-time while on vacation in China.

COMPLAINT

7

41. Plaintiff is informed and believes and thereon alleges that on May 1, 2007, UNGSON informed Plaintiff that ADAMS, not UNGSON, needed to approve Plaintiff's request that Plaintiff's vacation days not count against Plaintiff.

42. Plaintiff is informed and believes and thereon alleges that UNGSON informed Plaintiff that UNGSON would speak with ADAMS regarding Plaintiff's request that his vacation days not count against Plaintiff, once ADAMS returned to the office on Wednesday, May 2, 2007.

43. Plaintiff is informed and believes and thereon alleges that on Tuesday, May 1, 2007, Plaintiff informed UNGSON that he would return to the office the following morning, May 2, 2007, to complete a pending report and to pick up the feasibility review caseload assigned to Plaintiff before leaving on Plaintiff's vacation.

44. Plaintiff is informed and believes and thereon alleges that on Wednesday, May 2, 2007, Plaintiff went to his FHLB office, completed the pending report and packed the files necessary to complete Plaintiff's assigned caseload during Plaintiff's scheduled vacation.

45. Plaintiff is informed and believes and thereon alleges that on Wednesday, May 2, 2007, Plaintiff did not converse with UNGSON and received no message from ADAMS regarding whether ADAMS had approved or denied Plaintiff's request that his vacation days not count against him.

46. Plaintiff is informed and believes and thereon alleges that on Thursday, May 3, 2007, UNGSON confirmed that Plaintiff was scheduled for vacation through Monday, May 8, 2007.

47. Plaintiff is informed and believes and thereon alleges that on Sunday, May 7, 2007, Plaintiff returned a day early from vacation to process the work Plaintiff performed while on vacation.

COMPLAINT

48.  Plaintiff is informed and believes and thereon alleges that on Monday, May 8, 2007, Plaintiff returned to work and was informed that he had been terminated, effective May 7, 2007 for dishonesty, insubordination and failure to comply with Bank policy and procedure.

49.  Plaintiff is informed and believes and thereon alleges that on Monday, May 8, 2007, Plaintiff was informed that Plaintiff's vacation balance was negative and that Plaintiff owed FHLB $1,341.73 for vacation paid but not earned.

## FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 1981

(Against Defendant FHLB)

50.  Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 49 above.

51.  Defendants, through its agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with its treatment of LAMBRIGHT and the terms and conditions of his employment.

52.  At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and their failure to protect LAMBRIGHT from further discrimination, Plaintiff suffered severe emotional distress.

53.  Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendant FHLB has engaged in other discriminatory practices against LAMBRIGHT, which are not yet fully known. When said discriminatory practices become known to LAMBRIGHT, he will seek leave of court to amend this complaint in those regards.

51.  As a direct and proximate result of the willful, knowing, and intentional discrimination against LAMBRIGHT, and the failure to act by defendants, LAMBRIGHT has

COMPLAINT

9

1 suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

52. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of LAMBRIGHTS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 U.S.C. § 2000 et seq.

(Against Defendant FHLB)

53. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 52 above.

54. Defendants, through its agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 2000 et seq. in connection with its treatment of LAMBRIGHT and the terms and conditions of his employment.

55. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and Defendant's failure to protect LAMBRIGHT from further discrimination, Plaintiff suffered severe emotional distress.

56. Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendant FHLB has engaged in other discriminatory practices against LAMBRIGHT, which are not yet fully known. When said discriminatory practices become known to LAMBRIGHT, he will seek leave of court to amend this complaint in those regards.

57. As a direct and proximate result of the willful, knowing, and intentional discrimination against LAMBRIGHT, and the failure to act by defendants, LAMBRIGHT has

COMPLAINT

suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

58. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of LAMBRIGHTS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION

Cal. *Gov't. Code* § 12940

(Against Defendant FHLB)

59. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 58 above.

60. Defendants, by and through its agents and management level employees engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California *Government Code* § 12940 *et seq.* in connection with its treatment of LAMBRIGHT and the terms and conditions of his employment.

61. At all relevant time, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of defendant's pattern and practice of unlawful discrimination, LAMBRIGHT suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

62. As a direct and proximate result of the willful, knowing, and intentional discrimination against LAMBRIGHT, and the failure to act by defendants in an effort to remedy said discrimination, LAMBRIGHT suffered mental distress, anguish, and indignation. LAMBRIGHT is thereby entitled to general and compensatory damages in an amount to be proven at trial.

63. Defendant's acts alleged herein are malicious, oppressive, despicable and in conscious disregard of LAMBRIGHTS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their action.

## FOURTH CAUSE OF ACTION: HARASSMENT
### Cal. *Govt. Code* §12940
(Against all defendants)

64. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 63 above.

65. By engaging in the conduct previously alleged herein, defendants, and each of them, violated California *Government Code* § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the *Fair Employment and Housing Act* ("FEHA"), despite LAMBRIGHTS' complaints to management level employees that he was being harassed because of his complaints and because of his race.

66. At all relevant times, Defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified and participated in the harassment. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and their failure to protect LAMBRIGHT from further harassment, Plaintiff suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

67. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated practice above, defendants, and each of them, have engaged in other unlawful practices against LAMBRIGHT which are not yet fully known. When said discriminatory practices become known to LAMBRIGHT, he will seek leave to amend this complaint in those regards.

68. As a direct and proximate result of the willful, knowing, and intentional harassment of LAMBRIGHT, and the failure to act by defendants in an effort to remedy said environment, LAMBRIGHT has suffered and will continue to suffer mental distress, anguish,

and indignation. LAMBRIGHT is thereby entitled to general and compensatory damages in an amount to be proven at trial.

69. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of LAMBRIGHTS' rights. As such, punitive damages are warranted against defendant in order to punish and make an example of it.

## FIFTH CAUSE OF ACTION: RETALIATION
### Cal. Govt. Code §12940 and 42 U.S.C. § 2000 et seq.
(Against all defendants)

70. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 69 above.

71. Plaintiff is informed and believes and thereon alleges that defendant by and through its agent and employees ADAMS and DOES 1 – 50 engaged in retaliatory conduct in violation of public policy against LAMBRIGHT for opposing unlawful practices under FEHA.

72. Defendant through its agent and employee ADAMS and DOES 1-50 retaliated against LAMBRIGHT in violation of California Government Code § 12940 by maintaining an environment of hostility and abuse, failing to stop ADAMS from harassing LAMBRIGHT and terminating him.

73. At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect LAMBRIGHT from retaliatory behavior, he has suffered severe emotional distress, humiliation and embarrassment. As a further proximate result of such conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

COMPLAINT

13

74. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated practices above, Defendants, and each of them, have engaged in other unlawful practices against LAMBRIGHT which are not yet fully known. At such time as said retaliatory practices become known to LAMBRIGHT, he will seek leave to amend this complaint in those regards.

75. As a direct and proximate result of Defendants willful, knowing, and intentional acts, and Defendants' failure to act, LAMBRIGHT has suffered and will continue to suffer mental distress, anguish, and indignation. LAMBRIGHT is thereby entitled to general and compensatory damages in an amount to be proven at trial.

76. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of LAMBRIGHTS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

## SIXTH CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Cal. *Govt. Code* § 12940

(Against all defendants)

77. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 76 above.

78. Plaintiff's wrongful termination from his employment with FHLB was based upon defendant's violation of public policy, including but not limited to the following: the fundamental public policies against discrimination, harassment and retaliation.

79. As a proximate result of Defendants' wrongful acts, Plaintiff suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings,

bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

80. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure LAMBRIGHT, from an improper and evil motive amounting to malice, and in conscious disregard of LAMBRIGHTS' rights. The acts complained of were known to, authorized and ratified by Defendants. LAMBRIGHT is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM HARASSMENT
### Cal. Govt. Code § 12940
(Against all defendants)

81. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 80 above.

82. Plaintiff is informed and believes and thereon alleges that defendants failed to take all reasonable steps to prevent discrimination, retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the discrimination, retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

83. Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against ADAMS and DOES 1-50, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination for their unlawful conduct towards Plaintiff.

COMPLAINT

15

## **EIGHTH CAUSE OF ACTION: FAILURE TO INVESTIGATE**

Cal. *Govt. Code* § 12940

(Against all defendants)

84. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 83 above.

85. Plaintiff is informed and believes and thereon alleges that Defendant FHLB by and through its agents, employees ADAMS, UNGSON and DOES 1 – 50 was aware of the discrimination, harassment and retaliation experienced by Plaintiff at its workplace.

86. Plaintiff is informed and believes and thereon alleges that Defendants by and through its agents and employees completely failed to investigate the discrimination, retaliation and harassment experienced by Plaintiff. Instead of ensuring a safe work environment for its employee, defendants allowed Plaintiff to continue to suffer discrimination, retaliation and harassment until he was wrongfully terminated.

87. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' willful, knowing, and intentional acts, and Defendants' failure to investigate, Plaintiff has suffered and will continue to suffer mental distress, anguish, indignation, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

88. Plaintiff is informed and believes and thereon alleges that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

# NINTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against all defendants)

89. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 88 above.

90. Plaintiff is informed and believes and thereon alleges that Defendant FHLB by and through its agents, employees and Defendants ADAMS, UNGSON and DOES 1-50 acted without regard to the health and safety of Plaintiff, and each of them treated Plaintiff in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by defendants.

91. Plaintiff is informed and believes and thereon alleges that Defendants, standing in a position of authority over Plaintiff, acted with deliberation without regard to the health, safety, or well-being of Plaintiff and caused him severe emotional and physical distress.

92. Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' extreme and outrageous acts, Plaintiff suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants' acts were done with the willful knowledge that Plaintiff could suffer severe harm as a result.

93. Plaintiff is informed and believes and thereon alleges that Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish them and make an example of their actions.

# EIGHTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT

COMPLAINT

17

<u>Cal. Govt. Code § 12940</u>

(Against all defendants)

94. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 93 above.

95. Plaintiff is informed and believes and thereon alleges that defendants failed to take all reasonable steps to prevent retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

96. Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against ADAMS, such as issuing a formal warning, providing effective counseling, or imposing probation, suspension, or termination for her unlawful conduct towards Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For interest as provided by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems fair and just.

Dated: August 21, 2007

LAW OFFICES OF WAUKEEN Q. McCOY

/s/ Waukeen Q. McCoy

Attorneys for Plaintiff

FREDDIE LAMBRIGHT, JR.

COMPLAINT