CECILY A. WATERMAN, State Bar No. 063502
SHANNON NAKABAYASHI, State Bar No. 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: cwaterman@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendants
FEDERAL HOME LOAN BANK OF SAN FRANCISCO,
ANITA ADAMS AND EMMANUEL UNGSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE LAMBRIGHT, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN BANK OF SAN FRANCISCO, ANITA ADAMS, EMMANUEL UNGSON and DOES 1-50,<br><br>　　　　　Defendants. | Case No. C 07 4340 CW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS; MOTION TO DISMISS INDIVIDUAL DEFENDANTS; PETITION TO COMPEL ARBITRATION OF REMAINING CLAIMS**<br><br>Date: November 15, 2007<br>Time: 2:00 p.m.<br>Dept.: 2<br>Judge: Hon. Claudia Wilken<br><br>Date Filed: August 22, 2007 |

//
//
//
//
//
//
//
//
//

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

## I. INTRODUCTION

Plaintiff's Opposition misstates the relevant case law regarding preemption under the Federal Home Loan Bank Act (the "FHLB Act"). Courts have consistently found that state law causes of action, including Plaintiff's claim for intentional infliction of emotional distress and his myriad Fair Employment and Housing Act ("FEHA") claims, are preempted by the FHLB Act. Therefore, Plaintiff's FEHA and emotional distress claims against all Defendants should be dismissed. As Plaintiff will have no remaining, viable claims against Adams and Ungson, those defendants should be dismissed from this lawsuit entirely.

Plaintiff's remaining First Cause of Action for violation of 42 U.S.C. § 1981 and Second Cause of Action for violation of Title VII belong in arbitration. Plaintiff's Opposition misunderstands the law and mischaracterizes the parties' Arbitration Agreement. That Agreement is valid and binding. The Court should compel Plaintiff's federal discrimination claims to private, binding arbitration and stay this action.

## II. ARGUMENT

### A. Plaintiff's State Law Claims Are Preempted by the Federal Home Loan Bank Act.

#### 1. Plaintiff Misrepresents Relevant Precedent Regarding State Law Discrimination Claims.

Plaintiff argues that his employment claims are not preempted by the FHLB Act because the Act applies only to "banking". (Opp., p.3.) [Relevant case law does not support such a narrow reading of the statute.] The Bank's ability to determine which employees are hired and retained is integral to the "business of banking." In *Fahey v. O'Melveny & Myers,* 200 F. 2d 420, 435 (9th Cir. 1952) the Ninth Circuit broadly announced that: "[The] unambiguous language [of the FHLB Act] expresses a clear and definite Congressional purpose and intent to preempt *the entire field of banking activities embraced within the terms and provisions of this banking legislation.*" (Emphasis added.) The Act makes clear the importance of the employment relationship to the business of banking when it expressly gives the twelve Federal Home Loan Banks "the power . . . to select, employ, and fix the compensation of such officers, employees, attorneys and agents as shall be necessary for the transaction of its business; to *define their duties,*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

require bonds of them and fix the penalties thereof, and *to dismiss at pleasure such officers, employees,* attorneys, and agents." 12 U.S.C. § 1432(a). (Emphasis added). The allegations in Plaintiff's Complaint focus on the termination of his employment, an event which is governed and controlled by the "dismiss at pleasure" language of the FHLB Act.

Plaintiff ignores the weight of federal authority which holds that the "dismiss at pleasure" provision of the FHLB Act prohibits and preempts state law employment claims, *including claims for discrimination under relevant state statutes.* Federal courts consistently hold that employees of federal home loan banks (or officers of other similar federal banking instrumentalities[1]) may not bring causes of action under state anti-discrimination laws. *See Zhu v. Fed. Housing Fin. Board,* 389 F. Supp. 2d 1253, 1283 (D. Kansas, 2005) (noting that courts interpret the Federal Home Loan Bank Act as "preempting the application of state anti-discrimination statutes to employees of regional Federal Home Loan Banks or regional Federal Reserve Banks"); *Kispert v. Fed. Home Loan Bank of Cincinnati,* 778 F. Supp. 950, 953 (S.D. Ohio 1991) ("[t]he power of a Federal Home Loan Bank to dismiss its employees 'at pleasure' preempts any contrary right created by state law" including age discrimination); *accord Osei-Bonsu v. Fed. Home Loan Bank of New York,* 726 F. Supp. 95, 98 (S.D.N.Y. 1989). In *Fasano v. Fed. Reserve Bank of New York,* 457 F.3d 274, 287 (3rd Cir. 2006) the Court, analyzing the preemptive effect of similar "dismiss at pleasure" language in the Federal Reserve Act dismissed the plaintiff's state law claims in their entirety rather than "'essentially rewrite the relevant provisions of the [state anti-discrimination laws] to parrot Federal anti-discrimination law,' and 'risk frustrating the intent of the publicly elected legislature which enacted the [state laws] in the first place.'" *Id.* at 290. *See also Andrews v. Fed. Home Loan Bank of Atlanta,* 998 F.2d 214, 220 (4th Cir. 1993) (the FHLB Act completely preempts all state law employment claims).

The California Supreme Court in *Peatros v. Bank of America,* 22 Cal. 4th 147, 188 (2000) held that the National Bank Act ("NBA") completely preempts the FEHA. On the issue of

---

[1] As discussed in Defendants' Opening Brief, and conceded by Plaintiff (Opp., pp.2-3), federal courts cite interpretive authority regarding the National Bank Act ("NBA"), the Federal Reserve Act ("FRA") and the Federal Home Loan Bank Act interchangeably. *Peatros,* 22 Cal. 4th at 184, fn.3 (Brown, J. dissenting). The FHLB Act is broader than the NBA in that it applies not just to "officers" but all employees. *See* 12 U.S.C. §1432(a).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

2

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

whether the court should apply a "field" or "conflict" preemption standard, the majority of the court disagreed with Justice Mosk's decision (referred to as the "lead" opinion), insofar as it held that a conflict preemption standard should apply. (Id. at 183-190):

> [T]he lead opinion of necessity reserves questions of which specific provisions of FEHA are not in actual conflict with Title VII and the ADEA, and therefore survive preemption. State and federal laws "differ in reach, remedies and remedial fora, as well as in certain procedural standards." [Citations omitted] For example, not only do Title VII and FEHA have different statutes of limitations, interpretation of those statutes diverges as well. (*See Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 496-500 (in construing accrual of cause of action under FEHA, court rejected reasoning of United States Supreme Court as to analogous provisions of Title VII.) Each facet of the law will become a point of preemptive contention with only the vaguest standard to guide the resolution. For this very reason, as the United States Supreme Court recognized in *Shaw v. Delta Airlines, Inc.* (1983) 463 U.S. 85, 105-06, [103 S.Ct. 2890, 77 L.Ed.2d 490], that partial preemption "may cause certain practical problems. Courts and state agencies, rather than considering whether employment practices are unlawful under a broad state law, will have to determine whether they are prohibited by Title VII. If they are not, the state law will be superseded and the agency will lack authority to act." *Id.* The necessity of such piecemeal determination burdens our judicial system and further impairs uniformity by creating uncertainty and ambiguity in the law. *This a high price to pay for a cause of action that merely duplicates remedies already available under Title VII and the ADEA.*

*Id.* (Emphasis added.) The majority of courts which have considered this issue have held that state law claims, *including claims for discrimination*, are completely preempted by the FHLB Act or similar federal banking statutes.

Plaintiff repeatedly states that Defendants have not offered "cogent reason" to depart from Justice Mosk's opinion in *Peatros* which, adopting a "conflict preemption" analysis, held that the FEHA is preempted only to extent it conflicts with Title VII. (Opp., p. 2, 4) Plaintiff ignores the obvious fact that Justice Mosk's opinion on this issue is not the majority opinion; as noted above, four of the seven justices in *Peatros* found that the National Bank Act completely preempts state law claims, including claims for discrimination under the FEHA. "Congress has given no indication it intended to override section 24, Fifth [the dismissal at pleasure provision of the NBA] and subject banks to liability for dismissing officers in violation of state laws such as FEHA. 'The policy is one of long standing; the 'at pleasure' language has been in the statute for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

131 years.' [Citations omitted] It should not be lightly disregarded...." *Peatros*, 22 Cal. 4th at 189. The majority of the Court also overturned the other case cited by Plaintiff, *Marques v. Bank of America*, 59 Cal.App. 4th 356 (1998) to the extent *Marques* was inconsistent with their holding that the National Bank Act completely preempts state law claims

Plaintiff essentially concedes that conflict preemption would result in preemption here by citing Justice Mosk's opinion in *Peatros* and arguing "federal law preempt[s]the state statute "to the extent it conflicts..." (Opp., p. 3, citing *Peatros*.) Regardless of whether the Court uses a field or conflict preemption analysis, Plaintiff's FEHA claims are preempted here because the FEHA provides different protections than those provided under the FHLB Act and Title VII. *See Peatros*, 22 Cal. 4th at 188.

Plaintiff incorrectly argues that Defendants have failed to illustrate any specific differences between the FEHA and Title VII. (Opp., p. 5.) However, as set forth in Defendants' Opening Brief (p. 10) there are several major differences between the two statutes. For example, the FEHA has a longer statute of limitations and it allows for compensatory and punitive damages not contemplated by Title VII. *See e.g.* 42 U.S.C § 1981a(b)(3)(A)-(D).

Finally, ignoring even the conflict preemption analysis of Justice Mosk's opinion in *Peatros* and the Ninth Circuit's decision in *Kroske v. US Bank Corp.*, 432 F.3d 976, 987 (9th Cir. 2006), Plaintiff proceeds to argue that the FHLB Act does not preempt state law discrimination claims *at all*. (Opp., pp. 2, 5.) Plaintiff offers no authority for this novel and incorrect proposition. Plaintiff is correct that Congress enacted Title VII to forbid discrimination based on race and, as Defendants acknowledge in their Opening Brief, the FHLB Act does not preempt or disallow Title VII claims and no court has ever held that the FHLB Act has no preemptive effect at all. *See Walleri v. Federal Home Loan Bank of Seattle*, 83 F. 3d 1575, 1582 (9th Cir. 1996) ("[Congress] vested power in the Federal Home Loan Banks to 'select, employ and fix the compensation of... their employees ... to define their duties ...and to dismiss [them] at pleasure.... it *left no room for oversight under state law over the manner in which that power is exercised*." (Emphasis added).)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

2. <u>Plaintiff's Emotional Distress Claim is Preempted.</u>

Plaintiff argues his emotional distress claims are not preempted because they are related to "unlawful discrimination." The Court in *Walleri* specifically held that emotional distress claims arising out of an employment relationship are preempted. 83 F. 3d at 1582. The plaintiff in *Walleri* alleged she suffered emotional distress as a result of her treatment as an alleged whistleblower. She claimed she was subjected to "retaliatory treatment" including "confrontational meetings," low performance ratings, removal from cases and ultimately termination of her employment. *Id.* at 1582. The Court held that all of these allegations were part of her "employment relationship" with the Federal Home Loan Bank of Seattle and thus were preempted.

Here, Plaintiff similarly alleges that his employment was terminated because of his race. Complaint ¶ 51 *et seq.* He states that he suffered "racial discrimination … in connection with …the terms and conditions of his employment." Complaint ¶¶ 51, 54, 60. He also alleges his work performance was unfairly criticized and he was retaliated against for complaining about racial discrimination and harassment. Complaint ¶¶ 29-32, 72. Under the express holding of *Walleri*, Plaintiff's claim for emotional distress caused by these alleged actions is preempted.

3. <u>Plaintiff's Claims Against the Individual Defendants Should be Dismissed.</u>

Plaintiff essentially concedes that if his state claims against the Bank are preempted, his claims against Adams and Ungson must also be preempted. (Opp., pp. 5-6.) He also concedes that his one alleged federal claim against Adams and Ungson, retaliation in violation of Title VII, is improper on its face because Title VII does not apply to individual employees. *See* 42 U.S.C § 2000e-3(a). Accordingly, Plaintiff cannot state any viable claim against Adams and Ungson and they should be dismissed from the lawsuit with prejudice. *See Thatcher v. Lucky Stores, Inc.* 79 Cal.App.4th 1081, 1083 (2000) (holding that an absence of opposition, after a moving party has met its initial burden of proof, may be sufficient grounds for granting motion for summary judgment).

**B.    Plaintiff's Remaining Claims Are Subject to Arbitration.**

Plaintiff should be compelled to arbitrate his remaining federal claims: the First Cause of Action for Discrimination in violation of 42 U.S.C. § 1982 and the Second Cause of Action for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

Discrimination in violation of Title VII. Plaintiff does not dispute that the claims raised in his Complaint fall within the scope of the parties' Arbitration Agreement. He argues only that the parties' Arbitration Agreement is unconscionable. Plaintiff misunderstands governing legal principles and the facts of this case.

1. **Plaintiff Must Show the Arbitration Agreement is Both Procedurally and Substantively Unconscionable.**

Plaintiff argues that the Arbitration Agreement is unconscionable because it was a "contract of adhesion," i.e. he was required to sign it "in an effort to keep his job." (Opp., p. 7). However, the fact that a person is required to sign a contract as a condition of employment does not make a contract unenforceable or unconscionable per se. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83, 113 (2000), *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (1981). Such contracts are "an inevitable fact of life for all citizens—businessman and consumer alike." *Graham*, 28 Cal. 3d at 817. In addition, the FHLB Act expressly reserves to the Bank the right to determine the terms of its employment relationships with employees. 12 U.S.C. §1432(a).

Whether a contract is a "contract of adhesion" goes to only one part of the unconscionability analysis – procedural unconscionability. As Plaintiff correctly notes (Opp., p. 8.), in order to show the Arbitration Agreement is unenforceable he must show *both* procedural and substantive unconscionability. *See Armendariz* 24 Cal 4th at 114; *Stirlen v. Supercuts, Inc.*, 51 Cal App. 4th 1519, 1531 (1997); *24 Hour Fitness, Inc. v. Sup.Ct. (Munshaw)* 66 Cal.App.4th 1199, 1212–13 (1998). Plaintiff fails to meet this burden.

2. **The Arbitration Agreement is Not Substantively Unconscionable.**

Substantive unconscionability focuses on the terms of the agreement and whether those terms are "overly harsh" or "one-sided." *Armendariz*, 24 Cal.4th at 114; *Little v. Auto Stiegler, Inc.*, 29 Cal.4th at 107. The issue is whether the agreement's terms are "so one-sided as to *shock the conscience.*" *Kinney v. United HealthCare Services, Inc.* 70 Cal.App.4th 1322, 1330 (1999)(emphasis in original; internal quotes omitted). Plaintiff alleges that the Bank's Arbitration Agreement's provisions regarding "coverage of claims, cost-splitting and Defendant Bank's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

6

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

unilateral power to modify or terminate the arbitration agreement" are substantively unconscionable. (Opp., p. 9) Plaintiff is incorrect.

### a. FHLB-SF's Ability to Discipline Its Employees Does Not Make the Agreement Unenforceable.

Plaintiff argues that the Arbitration Agreement, provides an "illusory mutuality of obligation to arbitrate" because it states the Bank may "take other disciplinary action, up to and including termination, instead of, or in addition to its claim in arbitration." (Opp., p. 10). Plaintiff's Opposition omits key portions of the Arbitration Agreement, including the following:

> If any dispute is not resolved by, or submitted to, mediation, and you want to pursue the matter further, you must submit your claim to binding arbitration (except to the extent binding arbitration is not permitted by law). The Bank must also submit any claims it has against employees to binding arbitration; however, the Bank may take other disciplinary action, up to and including termination, instead of, or in addition to, filing its claim in arbitration.

Fontenot Decl. ¶4 Exh. A., p. 19.

The plain language of the Arbitration Agreement provides that if either party is not satisfied with the results of the Bank's internal dispute resolution procedures, including internal investigation and mediation, and wants to proceed with legal action, they must submit their claims to arbitration. The requirement is completely mutual. The portion of the Agreement Plaintiff objects to provides that regardless of whether or not either side initiates *legal proceedings*, the Bank has the right, pursuant to the "at pleasure" provision of the FHLB-Act, to discipline its employees and terminate their employment. Plaintiff's argument, taken to its logical conclusion, would require the Bank to arbitrate its ability to engage in the most basic performance management and discipline of its employees. A reasoned reading of the plain language of the Arbitration Agreement shows the parties could not have intended such a result.

The cases Plaintiff cites are inapposite. In *Stirlen*, the court invalidated an arbitration agreement because an employee had limited rights to discovery, limited judicial review and limited procedural protections. 51 Cal.App.4th at 1537-40. The employee was also subject to significant damages limitations. *Id.* The employer, on the other hand, was not subject to these limitations and had given itself special advantages such as requiring employees to waive

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

jurisdictional objections. The court held these provisions gave unfair advantage to the employer and the agreement was unconscionable. In *Armendariz*, the court invalidated an agreement which stated that employees' exclusive remedies were "limited to a sum equal to the wages ... earned from the date of any discharge until the date of the arbitration award." 24 Cal. 4th at 92. Employees were "not . . .entitled to any other remedy, at law or in equity, including but not limited to reinstatement and/or injunctive relief." *Id.* Both *Armendariz* and *Stirlen* relied on *Saika v. Gold*, 49 Cal.App.4th 1074, 1079-80 (1996), which refused to enforce a provision in an arbitration agreement between a doctor and a patient that would have allowed a "trial de novo" if the arbitrator's award was $25,000 or greater. The *Saika* court reasoned that such a clause was tantamount to making arbitration binding when the patient lost the arbitration but not binding if the patient won a significant money judgment. *Id.*

Here, the Arbitration Agreement has none of the unconscionable characteristics that courts invalidated in *Saika, Stirlen* and *Armendariz*. The Bank has not carved out any specific litigation privileges or advantages for itself. The agreement provides for equal procedural protections. *See* Fontenot Decl. ¶4, Exh. A, pp. 17-20. *All* legal claims that either the Bank or its employees want to bring must be arbitrated. The fact that the Bank references its additional statutory right under the FHLB-Act to terminate the employee's employment at-will does not render the agreement unconscionable.

       b.  The Bank's Cost Provision Complies with *Armendariz*.

Plaintiff argues that the Arbitration Agreement is unenforceable because "[a]ccording to the arbitration agreement each party shall pay one-half the costs of arbitration." (Opp., p. 11.) Plaintiff blatantly misrepresents the language of the Arbitration Agreement. FHLB-SF's Arbitration Agreement, as repeatedly acknowledged and agreed to by Plaintiff (*see* Fontenot Decl. ¶¶ 8-11, Exhs. E-H) provides: *"You will not be required to pay anything more in the arbitration process than you would have had to pay in filing fees had you been permitted to file your claims in court. The arbitrator will determine the amount you would have had to pay in filing fees had you filed your claim in court and will assess you that amount. Other expenses of arbitration, including the arbitrator's fees and expenses, will be paid by the Bank."* Fontenot

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

Decl. ¶ 4, Exh.A at p. 17 (emphasis added). This provision is taken directly from *Armendariz* which held: "the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." 24 Cal. 4th at 110-11. (Emphasis in original.) As FHLB-SF's Arbitration Agreement cost provision mirrors the language and requirements approved by the California Supreme Court *Armendariz* it cannot be said to be unconscionable.

        c.        The Ability to Modify an Agreement Does Not Make it Unconscionable.

Finally, Plaintiff argues that a provision in FHLB-SF's Employee Handbook which allows the Bank to amend the Handbook at any time renders the Arbitration Agreement unconscionable. Not surprisingly, Plaintiff offers no authority for this argument.

As an initial matter, courts do not look to the contract as a whole (i.e. matters outside the specific "arbitration agreement") to determine arbitrability. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 US 395, 403–404, 87 S.Ct. 1801, 1806 (1967). The only question is whether the parties knowingly agreed to arbitrate disputes under the contract. If they did, as is clearly the case here, the arbitration clause is deemed *separable* from the balance of the contract and is enforced despite defenses to the underlying contract. *Id.*

Further, California law is clear that an employment contract that allows the employer to modify any provision in its personnel handbook unilaterally does not render the arbitration agreement invalid. *24 Hour Fitness*, 66 Cal.App. at 1214. In *24 Hour Fitness*, the Plaintiff asserted that the arbitration agreement was illusory and "fatally lacking in mutuality" "because the agreement she signed allowed [the employer] to modify any provision in its personnel handbook unilaterally." The court rejected this argument. "'[W]here the contract specifies performance, the fact that one party reserves the power to vary it *is not fatal*...' *Id.* (Citations omitted.) (Emphasis added.) In upholding the arbitration agreement, the Court read into the parties' agreement an obligation for the employer to abide by the covenant of good faith and fair dealing. *Id.* The court was clear however that the employer's right to modify its personnel handbook did not invalidate the arbitration agreement contained therein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)

Here, the Bank's ability to modify the terms of its Employee Handbook as a whole is not an impediment to enforcing the parties' agreement to arbitrate. Moreover, the record shows that the Bank acted in good faith when it made changes to its Dispute Resolution procedure; it notified employees of those changes in writing and requested that they sign a new acknowledgement. *See* Fontenot Decl. ¶¶ 8-11, Exhs. E-H.

### 3. The Agreement Covers any Claims that May Remain Against Adams and Ungson and the Action Should Be Stayed Pending Arbitration.

Plaintiff does not dispute that if the Court finds that any claims against Adams and Ungson survive the motion to dismiss, those claims should be compelled to arbitration. Nor does he deny that it is appropriate to stay this litigation pending arbitration. *See* 9 U.S.C. § 3. Accordingly, all of Plaintiff's claims which survive the Motion to Dismiss should be compelled to arbitration and this matter stayed.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) dismiss Plaintiff's state law claims in their entirety; (2) dismiss the individual defendants; and (3) compel Plaintiff to arbitrate his remaining two federal claims for violation of Title VII and Section 1981, and stay the instant action.

Dated: November 1, 2007

MORGAN, LEWIS & BOCKIUS LLP
CECILY A. WATERMAN
SHANNON B. NAKABAYASHI

By _____
Cecily A. Waterman
Shannon B. Nakabayashi
Attorneys for Defendants
FEDERAL HOME LOAN BANK OF
SAN FRANCISCO, ANITA ADAMS
AND EMMANUEL UNGSON

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7623373.4

10

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS; PETITION TO COMPEL ARBITRATION
(C 07 4340 CW)